IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRITTANY LYNNN CHURCH   )
                        )   No. 17-159
        v.              )

NANCY A. BERRYHILL

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental security income benefits, based on mental and physical impairments, including affective and personality disorders, asthma, and obesity. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ failed to properly account for a hemangioma on her right hand, which was surgically removed in 2014. In particular, Plaintiff complains that the ALJ relied on the opinion of state agency reviewer Dr. Mortimer, who made only passing reference to Plaintiff's hand issue, and whose opinion predated the surgery to remove the hemangioma. Accordingly, Plaintiff argues, the ALJ's decision is not properly supported.

The ALJ arrived at an RFC that included light work with, inter alia, the following limitation: "cannot perform work requiring constant handling, fingering, and feeling." In so doing, the ALJ noted that Plaintiff alleged numbness and limited use of her right hand. He also noted that during the period at issue, records reflected that Plaintiff demonstrated intact sensory, reflex, and motor function in all extremities. During a post-operative office visit in June 2014,

the record reflects "full range of motion" and decreased sensation in two fingers. In September of 2014, Dr. Hood reported that Plaintiff was doing "quite well," with excellent finger range of motion and dysthesias at the tips of two fingers. Elsewhere, the ALJ observed that Plaintiff dressed and bathed without difficulty, and performed household tasks such as laundry, dishes, cleaning, vacuuming, dusting, shopping, and preparing meals. At the hearing, while represented by counsel, Plaintiff testified that she is able to do things like button clothing, write with a pen, and use a knife and fork. She stated that "after doing it for so long," however, she gets pain and numbness in the hand. This occurs, she said, three or four times per month. With a limitation on less than constant bilateral handling, the vocational expert ("VE") testified to several jobs existing in the economy. With less than frequent handling, fingering, and feeling, the VE could not cite to other jobs.

As Plaintiff argues, rarely can a decision be made regarding a claimant's RFC without a physician's functional capacity assessment. Terner v. Colvin, No. 14-1603, 2015 U.S. Dist. LEXIS 106713, *3-4 (W.D. Pa. Aug. 13, 2015). As Plaintiff acknowledged, however, our Court of Appeals has made clear that "rarely" does not mean "never": "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties." Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006). It is axiomatic that the ultimate determination of disability rests with the ALJ. See, e.g., Chandler v. Commissioner of Soc. Sec., 667 F. 3d 356, 362 (3d Cir. 2011).

As my sister Court has explained, cases emphasizing the importance of medical opinion typically involve the ALJ's rejection of medical opinion based on the ALJ's lay assessment of other evidence. Woodman v. Berryhill, No. 3:17-CV-151, 2018 U.S. Dist. LEXIS 30405, at *12

3

(M.D. Pa. Jan. 30, 2018). "In contrast, when an ALJ fashions a residual functional capacity determination on a sparse factual record or in the absence of any competent medical opinion evidence, courts have adopted a more pragmatic view and have sustained the ALJ's exercise of independent judgment based upon all of the facts and evidence." Id.

In this case, the ALJ carefully considered the limited record before him relating to Plaintiff's hand, and his conclusion that she could perform less than frequent handling, fingering, and feeling was based on that record. The ALJ was entitled to reach that conclusion, and his decision was supported by such relevant evidence as a reasonable mind might accept as adequate. As discussed supra, applicable standards preclude this Court from independently assessing the evidence. In sum, the decision was supported by substantial evidence.

## CONCLUSION

In conclusion, Plaintiff's Motion for Summary Judgment will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: April 6, 2016

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRITTANY LYNNN CHURCH )
) No. 17-159
    v.

NANCY A. BERRYHILL

## ORDER

AND NOW, this 6th day of April, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court